IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK LUNTZ, | Civil No. 3:23-cv-226 |
| Plaintiff | (Judge Mariani) |
| v. | |
| KATY HILEMAN, MONICA GOSS, OFFICER LANDRY, OFFICER GONZALEZ, CAPTAIN REISINGER, | |
| Defendants | |

FILED
SCRANTON
NOV 29 2023
DEPUTY CLERK

## MEMORANDUM

Plaintiff Derek Luntz ("Luntz"), a former inmate[1] housed at the Adams County Correctional Facility, in Gettysburg, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Warden Katy Hileman, Administrative Assistant Monica Goss, Corrections Officer Landry, Corrections Officer Gonzalez, and Captain Reisinger. Presently before the Court is Defendants' Rule 12(b) motion (Doc. 22) to dismiss. For the reasons set forth below, the Court will grant the motion.

### I. Allegations of the Complaint

Luntz alleges that, on November 24, 2022, he was moved to the disciplinary unit and placed on administrative custody. (Doc. 1, p. 4). While housed in the disciplinary unit,

---

[1] Luntz has been released from custody. (See Docs. 28, 29).

Luntz alleges that his access to showers and phone was restricted. (*Id.*). His placement in the disciplinary unit occurred prior to his misconduct hearing on December 6, 2022. (*Id.*).

Luntz alleges that Defendant Landry and another officer placed him in a cell with a federal inmate. (*Id.*). Luntz allegedly informed the officers that he believed it would be unsafe to be housed with this inmate. (*Id.*). The officers reported this information to the shift commander and proceeded to place Luntz in the cell. (*Id.*). Luntz asserts that he was physically harmed while in the cell. (*Id.*). He sent a request slip to Defendant Hileman concerning the physical harm, but she failed to move him from the cell. (*Id.*). Luntz also requested a grievance form from the shift commander, completed the grievance, and put it on his door. (*Id.*). Defendant Gonzalez retrieved the grievance form but mistakenly placed it in the treatment box instead of the grievance box. (*Id.*). The grievance was allegedly returned to Luntz with no response. (*Id.*). At the end of December 2022, the same federal inmate allegedly harassed Luntz while on his housing unit. (*Id.*).

Lastly, Luntz alleges that, on December 19, 2022, he was refused medication because he was late to the medication cart. (*Id.*). He allegedly filed a grievance related to this incident, but the grievance was returned because it was a "non-grievable issue." (*Id.* at pp. 4, 7).

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22). The motion is fully briefed and ripe for resolution.[2]

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

---

[2] Luntz's brief in opposition to Defendants' motion to dismiss contains facts that are not expressly set forth in the complaint. (*See* Doc. 24). The Court may not consider such allegations because a complaint cannot be amended by way of an opposition brief. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Failure to State a Claim

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. *See Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017). There are several types of Eighth Amendment claims, including claims alleging: denial of, or inadequate access to, medical care; exposure to adverse conditions of confinement; the use of excessive force; and failure to protect from assaults by other inmates. An Eighth Amendment claim includes both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Under the objective prong, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298). However, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. The Court construes Luntz's complaint as raising conditions of confinement, failure to protect, and inadequate medical care claims.

#### 1. *Conditions of Confinement Claim*

In order to succeed on a claim as to one's conditions of confinement, a plaintiff must establish that: "(1) he was incarcerated under conditions imposing a substantial risk of serious harm, (2) the defendant-official was deliberately indifferent to that substantial risk to

5

his health and safety, and (3) the defendant-official's deliberate indifference caused him harm." *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2015). "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, conditions of imprisonment violate the Eighth Amendment only if they, "alone or in combination . . . deprive inmates of the minimal civilized measures of life's necessities." *See id.* at 347. Such necessities include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9. However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (quoting *Wilson*, 501 U.S. at 304 and *Rhodes*, 452 U.S. at 347).

Luntz fails to establish that the conditions at the Adams County Correctional Facility amount to unconstitutional punishment. Luntz merely alleges that when he was housed in the disciplinary unit from November 24, 2002 through December 6, 2022, his access to showers and phone was restricted. Luntz fails to identify a sufficiently serious deprivation that rises to the level of an Eighth Amendment violation. His single allegation that he had restricted or limited access to showers and telephones is insufficient to state a plausible claim for relief. The Court will dismiss this Eighth Amendment claim.

### 2. *Failure to Protect Claim*

The Eighth Amendment requires a prison official to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. While a prison official has a duty to protect prisoners from attacks by other prisoners, not every injury suffered by a prisoner at the hands of another translates to constitutional liability for the official responsible for the prisoner's safety. *Id.* at 833-34. An inmate making a failure to protect claim has the burden of proof to establish that a prison official both knew of and chose to disregard an "excessive risk to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The United States Court of Appeals for the Third Circuit has further held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.*; see *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). Actual knowledge can be proven circumstantially where the general danger was obvious. *Farmer*, 511 U.S. at 842. For example, if the prisoner-plaintiff

> presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

*Id.* at 842-43 (quotation marks and citation omitted). However, "a defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not

7

have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring." *Beers-Capitol*, 256 F.3d at 133.

Here, Luntz describes an incident where he was housed with an inmate and allegedly harmed and harassed by the inmate. He alleges that he informed Defendant Landry that he believed it would be an unsafe housing assignment, and that Defendant Landry relayed this information to the shift commander. Luntz does not allege that he received any threats of violence prior to any incident, he does not allege that there were any previous problems between himself and the other inmate, he does not allege that the other inmate had any history of assaults, and he does not allege that he informed anyone that he was in imminent danger of being attacked. Luntz does not assert that any Defendants were actually aware of the existence of an excessive risk to his safety because of the housing assignment. Luntz's claim is not supported by sufficient factual averments and the complaint does not allege enough to support a plausible failure to protect claim. *See Proctor v. James*, 811 F. App'x 125 (3d Cir. 2020) (affirming dismissal of a complaint when a plaintiff failed to allege that there were any previous problems between inmates or that the perpetrator of the assaults had a history of violent attacks).

Even if Defendants were aware that an inmate had a history of violence, the Third Circuit has held that the risk that "an inmate with a history of violence might attack another inmate for an unknown reason" is too speculative to maintain a failure to protect claim

against prison officials. *Bistrian*, 696 F.3d at 371, *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). In the instant case, Luntz wholly failed to allege that the alleged harm was the product of "longstanding, pervasive, well-documented, or previously noted tensions between" himself and the other inmate. *Blackstone v. Thompson*, 568 F. App'x 82, 84 (3d Cir. 2014). Accordingly, the Court will dismiss Luntz's failure to protect claim.

### 3.   *Inadequate Medical Care Claim*

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

9

substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); *see also McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976), *cert. denied*, 450 U.S. 1041 (1981). Moreover, "[i]f a prisoner is under the care of medical experts…a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official…will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id*.

Here, Luntz generally alleges that he was denied medication on one occasion because he was late to retrieve the medication. He fails to demonstrate that any Defendants were deliberately indifferent to his serious medical needs. Additionally, the Defendants are not medical personnel and cannot be considered deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1991).

Luntz fails to allege facts from which it can reasonably be inferred that Defendants exhibited deliberate indifference to his medical needs. Therefore, the Court will dismiss the Eighth Amendment inadequate medical care claim.

### B. Claims against Defendants Goss and Reisinger

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had

11

personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

A review of the complaint confirms that other than being named as Defendants, there exist no factual averments relating to Defendants Goss and Reisinger in the body of the complaint. (*See* Doc. 1). Luntz fails to identify the particular conduct of these Defendants that allegedly violated his rights. There are no allegations that these Defendants participated in, directed, or knew of and acquiesced in any constitutional violations. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief against Defendants Goss and Reisinger. *Hudson v. City of McKeesport*, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

To the extent Luntz attempts to hold Defendant Goss liable based on her involvement in the grievance procedure, this claim fails. (*See* Doc. 24). Courts have routinely held that the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992). Dissatisfaction with responses to an inmate's grievances does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005) (concluding that involvement in the post-incident grievance process is not a basis for § 1983 liability).

Additionally, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207. Any attempt by Luntz to hold Defendants Goss and Reisinger liable for the actions of their subordinates is essentially an assertion of respondeat superior liability which seeks to hold them liable based on their supervisory roles. This ground of constitutional liability has been squarely rejected by the courts. *See Rode*, 845 F.2d at 1207.

The Court finds that Luntz's complaint is bereft of any allegations identifying how Defendants Goss and Reisinger were personally involved in the alleged constitutional deprivations. Accordingly, Defendants' motion to dismiss will be granted on this ground.

### C.   Qualified Immunity

Even if Luntz had stated colorable constitutional claims, Defendants, in their individual capacities, are entitled to qualified immunity from these claims for damages. In order to establish a civil rights claim, Luntz must show the deprivation of a right secured by the United States Constitution or the laws of the United States. However, government officials performing "discretionary functions," are insulated from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012) (citing *Pearson*, 555 U.S. at 244).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two *Saucier* prongs should be addressed first). As stated, the Court finds that Luntz failed to set forth any cognizable claims against Defendants and failed to establish the violation of a constitutional right. Therefore, Defendants are protected from liability by qualified immunity.

## IV.   Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview*

14

*State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Luntz's claims are legally and factually flawed; thus, the Court concludes that curative amendment would be futile.

## V. Conclusion

The Court will grant Defendants' motion (Doc. 22) to dismiss. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 29, 2023